**HUNTER BAILEY HOHN**,

    Plaintiff,

v.                                                                              Case No. 24-CV-1120

**VARNISHA BOWEN,**

    Defendant.

## DECISION AND ORDER

Plaintiff Hunter Bailey Hohn, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Judge Stadtmueller screened Hohn's complaint and allowed him to proceed on an Eighth Amendment claim of excessive force against defendant Captain Varnisha Bowen. (ECF No. 8.) The parties consented to the jurisdiction of a magistrate judge, and the case was reassigned to this court. (ECF Nos. 5, 11, 12.) The defendant moves for summary judgment on the grounds that Hohn failed to exhaust his administrative remedies before bringing this lawsuit. (ECF No. 18.) The motion is ready for a decision. For the reasons stated below, the court grants the defendant's motion and dismisses this case without prejudice.

## SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act, an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To comply with § 1997e(a), an inmate must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement applies to all suits filed by inmates "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

*Procedure for Exhausting Administrative Remedies*

Wisconsin has established an institution complaint review system that allows inmates to file complaints about policies, rules, living conditions, and staff actions at their institutions. Wis. Admin. Code § DOC 310.06. Inmates must exhaust all administrative remedies that the Department of Corrections has promulgated by rule

before commencing a civil action against an officer, employee, or agent of the DOC. *Id.* § DOC 310.05. An inmate must file a formal written inmate complaint within fourteen calendar days of the alleged conduct giving rise to the complaint. *Id.* § DOC 310.07(2). A complaint examiner has discretion to accept a late complaint for "good cause" if the inmate "request[s] to file a late complaint in the written complaint and explicitly provide[s] the reason for the late filing." *Id.*

Once an inmate files a complaint, the institution complaint examiner may accept, reject, or return the complaint. *Id.* § DOC 310.10(2). The complaint examiner may reject a complaint for one of several reasons, including that the inmate "submitted the complaint beyond 14 days after the date of the occurrence giving rise to the complaint and provides no good cause . . . to extend the time limits." *Id.* § DOC 310.10(6)(e). An inmate may appeal a rejected complaint "within 10 days" by writing "to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint." *Id.* § 310.10(10).

*Factual Background*

The facts in this section are taken from the defendant's proposed findings of fact and declaration and exhibits filed in support. Hohn responded to the defendant's proposed facts, but he failed to comply with the court's directive to support his factual disputes by citing evidence in the record. (*See* ECF No. 23.) Because Hohn's response is not sworn to be true under penalty of perjury, and he cites no other evidence in support of his factual disputes, the court considers the defendant's facts admitted and undisputed. *See* Fed. R. Civ. P. 56(e)(2); Civil L. R. 56(b)(4); *Smith v. Lamz*, 321 F.3d

3

680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission.").

The undisputed facts show Hohn filed one inmate complaint related to his claim in this lawsuit. (ECF No. 20, ¶ 3.) On July 11, 2024, Hohn filed a complaint alleging that Captain Bowen used excessive force on June 22, 2024, in response to his self-harm. (ECF No. 21-2 at 8.) The complaint examiner's office received the complaint on July 12, 2024. (*Id.* at 2.) The complaint examiner rejected the complaint on July 31, 2024, because Hohn filed it beyond the fourteen-day limit to submit a complaint and did not provide good cause to extend his time to submit it. (*Id.*)

On August 8, 2024, Hohn appealed the rejection of his complaint. (*Id.* at 10.) Hohn reiterated his claim against Bowen and asked the Warden to "[p]lease review" the complaint examiner's rejection of his complaint "due to [him] missing the 14 day period." (*Id.*) The reviewing authority (the Warden) did not receive Hohn's appeal until August 12, 2024. (*Id.* at 5.) The Warden rejected the appeal as untimely because it was received beyond the ten-day limit to file an appeal. (*Id.*)

On August 21, 2024, Hohn attempted to appeal the Warden's rejection of his appeal as untimely to the Corrections Complaint Examiner (CCE) Office. (ECF No. 21-3 at 2.) This appeal again reiterates his complaint against Bowen but does not say anything about the rejection of his complaint or his appeal as untimely. (*Id.*) The CCE received Hohn's appeal on August 26, 2024, and returned it to Hohn the next day with a letter explaining that "The CCE shall not review a rejected complaint."

(*Id.* at 1 (citing Wis. Admin. Code § DOC 310.12(4)(b)).) Hohn did not submit any further appeals or complaints about the June 22, 2024 incident. (ECF No. 20, ¶ 13.)

*Analysis*

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citing *Woodford*, 548 U.S. at 93). That means if Hohn failed to complete any step in the prison's exhaustion process before bringing his lawsuit, the court must dismiss his claim. *See Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" does not satisfy exhaustion requirements. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Because exhaustion is an affirmative defense, the defendant bears the burden of proving that Hohn failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

It is undisputed that Hohn filed only one inmate complaint about the June 22, 2024 incident involving Captain Bowen. It is undisputed that the complaint examiner rejected the complaint because Hohn filed it more than fourteen days after the incident date, and Hohn failed to provide good cause to excuse his late complaint. A complaint that is *rejected* for procedural reasons (including its untimeliness), rather than *dismissed* after a determination on the merits, does not exhaust administrative remedies. *See Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005)

(citing *Pozo*, 286 F.3d at 1025). Because the complaint examiner rejected Hohn's July 11, 2024, complaint as untimely, it cannot serve to exhaust his administrative remedies for his claim about the June 22, 2024 incident, even though he appealed the rejection to the Warden and the CCE.

In his unsworn response to the defendant's proposed facts, Hohn says he filed his complaint beyond the fourteen-day limit because he was on observation status for three days and did not receive his property back until July 3, 2024. (ECF No. 27, ¶ 5.) He says he submitted his complaint then, but it was returned to him "due to the signature." (*Id.*, ¶ 13.) Hohn states that he refiled his complaint on July 11, 2024, with the same signature, and it was accepted. (*Id.*) Hohn provided copies of his original complaint, the letter that accompanied his returned complaint, and his resubmitted complaint. (ECF No. 28-1 at 3–5.) These documents appear to confirm that Hohn initially attempted to file his complaint on July 3, 2024, but it was returned to him for having an improper signature. That return is curious because Hohn's signature on his original complaint (which was returned) appears to be identical to the one on his resubmitted complaint (which was accepted). (*Id.* at 3, 5.) The defendant does not respond to this argument and says nothing about Hohn's exhibits.

Even if the court were to accept Hohn's exhibits and unsworn statements about his original complaint, they do not save his claim from dismissal. It is undisputed that Hohn did not resubmit his complaint within fourteen days of June 22, 2024, and did not provide the complaint examiner any reason to excuse his late complaint. He raised the issue of his returned complaint for the first time in this court, but that is

6

Case 2:24-cv-01120-SCD    Filed 06/17/25    Page 6 of 9    Document 31

too late. An inmate must "request to file a late complaint *in the written complaint* and explicitly provide the reason for the late filing." Wis. Admin. Code § DOC 310.07(2) (emphasis added). That is, even if the prison's ground for returning his original complaint was incorrect, he needed to litigate that issue with the prison by re-filing his complaint either within the 14-day period or asking the prison to find good cause to allow him to submit it late. Had he raised that issue with the prison, the examiner could have either allowed the untimely submission, thereby exhausting the issue, or disallowed it. In the latter event, the plaintiff could then raise the propriety of that decision here in federal court. Ultimately, however, "[w]hether the plaintiff had good cause for failing to timely file his complaint 'is not a decision for the court to make in the first instance.'" *Gibson v. Chester*, No. 19-CV-45-PP, 2020 WL 5716055, at *6 (E.D. Wis. Sept. 24, 2020) (quoting *Smith v. Martin*, No. 14-CV-429-WMC, 2016 WL 3830565, at *3 (W.D. Wis. July 12, 2016)). Hohn did not strictly comply with Wisconsin's administrative rules because he did not request to submit his late complaint or provide good cause to excuse his late filing *in his resubmitted complaint*. Neither his returned original complaint nor his rejected resubmitted complaint exhausted his administrative remedies for his claim against Bowen.

As a final note, Hohn in his response brief reiterates his allegations from his complaint and asserts that his complaint states a proper Eighth Amendment claim. (ECF No. 26.) But the merits of Hohn's claim are not at issue. Because the court finds that Hohn failed to exhaust his administrative remedies, the court will not reach the merits of his claim. *See Perez*, 182 F.3d at 536 (noting that where defendants raise

the issue of exhaustion, a district court "must not proceed to render a substantive decision until it has first considered § 1997e(a)").

## CONCLUSION

For the reasons stated above, defendant Varnisha Bowen has satisfied her burden to show that Hohn failed to exhaust his administrative remedies for his Eighth Amendment claim before bringing this lawsuit. The court grants the defendant's motion for summary judgment on exhaustion grounds and dismisses this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").[1]

## ORDER

**THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment on exhaustion grounds (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

---

[1] Because there are no unresolved questions of fact, the court will not hold an evidentiary hearing as described in *Pavey*, 544 F.3d at 742. *See Aguirre v. Witek*, No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (citing *Doss v. Gilkey,* 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 17th day of June, 2025.

STEPHEN DRIES
United States Magistrate Judge